IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL JUNIOR NICHOLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3036-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Junior Nichols seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reason explained below, the hearing decision is reversed.

**Background**

Plaintiff alleges that he is disabled as a result of mental impairments. *See* Administrative Record [Dkt. Nos. 8 through 8-3 ("Tr")] at 26. After his application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on May 30, 2013. *See id*. at 54. At the time of the hearing, Plaintiff was forty years old. He graduated high school in special education courses and has no past relevant work experience. *See id*. at 57-58, 31. Plaintiff has not engaged in substantial gainful activity since January 5, 2011. *See id*. at 26.

1

The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that Plaintiff had a full-scale IQ score of 42, the ALJ concluded that the severity of his mental impairment did not meet or equal any impairment listed in the social security regulations, 20 CFR Part 404, Subpart P, Appendix 1. *See id*. at 26-27. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to sustain work while occasionally lifting or carrying 20 pounds, sustain work while frequently lifting or carrying 10 pounds, stand for 6 out of 8 hours, walk for 6 out of 8 hours, sit for 6 out of 8 hours, understand, remember, carryout routine step instructions, respond appropriately to supervisors and coworkers in jobs not requiring independent decision making, and frequently handle, finger, and feel. *See id*. at 27. But Plaintiff's RFC limited him to no more than incidental interaction with coworkers and the public. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a small products assembler, conveyer line bakery worker, and garment folder – jobs that exist in significant numbers in the national economy. *See id*. at 32. Given his age, education, work experience, and RFC, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines. *See id*.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff contends that the hearing decision is not supported by substantial evidence. More particularly, Plaintiff argues that: (1) the ALJ failed to consider and apply evidence to a relevant medical listing; (2) the ALJ improperly evaluated his credibility; (3) the ALJ relied on flawed

vocational expert testimony; and (4) the Appeals Council failed to consider new and material evidence of his disability.

The Court determines that the hearing decision must be and is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm

only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for supplemental security income, a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the

4

> claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Copeland,* 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [his] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue,* 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be

6

established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ's failure to consider and apply evidence to Medical Listing 12.05B during his step-three analysis.[1]

Dr. Stephanie Hall, Psy.D, evaluated Plaintiff on February 9, 2011. *See* Tr. at 316. Dr. Hall noted that Plaintiff's full scale IQ score was 42. *See id.* at 321. Dr. Hall also diagnosed Plaintiff with moderate mental retardation. *See id.*

At step three, the ALJ found that Plaintiff did not have an impairment that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. *See id.* at 26. To make this determination, the ALJ gave consideration to listings 1.02, 12.03, and 12.04. *See id.* The ALJ noted that Plaintiff's full scale IQ score was 42 and referenced Dr. Hall's diagnosis of Plaintiff's mental retardation. *See id* at 29. But the ALJ afforded Dr. Hall's diagnosis little weight because it was given before Plaintiff "commenced mental health treatment at Metrocare, which significantly improved his functioning with medications." *Id.*

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

Step-Three Analysis

At step three of the evaluation process, the ALJ compares the claimant's impairments with impairments considered severe enough to disable an individual. *See Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir.2000). Often referred to as "the listings," the impairments are listed in Appendix 1 of the regulations. *See* 20 C.F.R. Part 404, Subpart P, app. 1. When an ALJ's step three determination is at issue, the reviewing court must (1) determine whether the ALJ supported the step three determination with a discussion of the relevant evidence, and, if he failed to do so, (2) determine whether the ALJ's error was harmless. *See Cadzow v. Colvin*, No. 5:12-cv-225-C, 2013 WL 5585936, at *4 (N.D. Tex. Oct.10, 2013) (citing *Audler*, 501 F.3d at 448-49). Error is "harmless" when it does not compromise the ALJ's ultimate conclusion. *See id.* (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988)). But if the uncontroverted evidence suggests that the claimant's impairments meet the requirements of a listing, the ALJ's failure to provide the basis for his step-three decision is error that requires remand. *See Cadzow*, 2013 WL 5585936, at *4 (citing *Audler*, 501 F.3d 449).

Here, the ALJ's step-three determination was not supported with a discussion of the relevant evidence. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of Medical Listings 1.02, 12.03, and 12.04. *See* Tr. at 26. Medical Listings 1.02, 12.03, and 12.04 require:

- a gross anatomical deformity ... and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s);

8

20 C.F.R. Part 404, Subpart P, App. 1 § 1.02

- an onset of psychotic features with deterioration from a previous level of functioning; and

*Id.* at § 12.03

- a disturbance of mood, accompanied by a full or partial manic or depressive syndrome.

*Id.* at § 12.04. Plaintiff does not claim that the ALJ erred by finding that he did not meet these listings but argues that the ALJ failed to consider whether he met Medical Listing 12.05B. *See* Dkt. No. 13 at 14; Tr. at 21-32. The threshold criteria of Medical Listing 12.05B requires Plaintiff to have "[a] valid verbal, performance, or full scale IQ of 59 or less." 20 C.F.R. Part 404, Subpart P, App. 1 § 12.05B. The record in this case reflects that Plaintiff has a full scale IQ score of 42, which meets the Medical Listing 12.05B requirement. *See* Tr. at 29.

The Commissioner concedes that the ALJ did not specifically mention Medical Listing 12.05B at step three but argues that he "properly found that Plaintiff did not have a valid IQ score." Dkt. No. 14 at 9-10. Though "[a]n ALJ may make factual determinations on the validity of I.Q. tests," the record does not show that the ALJ, in this matter, made any such determination. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir.1991); *see also Hamilton v. Shalala*, 39 F.3d 319, 319-320 (5th Cir.1994); *Murrell v. Colvin*, No. 3:12-cv-3757-G-BN, 2013 WL 4623549, at *4 (N.D. Tex. Aug. 29, 2013). The ALJ's decision does not mention that Plaintiff's IQ tests were invalid. He only made a determination on the weight to be afforded Dr. Hall's retardation diagnosis. Further, the validity of Plaintiff's IQ tests and scores is uncontroverted by

9

the record. *See* Tr. at 320-21. The Court may affirm only on the grounds that the ALJ stated in his decision, and therefore Defendant's argument that the ALJ found Plaintiff's IQ test scores invalid is unavailing. *See Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

And the ALJ's error was harmful. A claimant is presumed to be disabled and qualifies for benefits without further inquiry if the ALJ determines that his impairments meet the duration requirement in the Social Security Act and also match or equal the criteria of one of the listings in Appendix 1. *See* 20 C.F.R. § 404.1520(d); *Loza*, 219 F.3d at 390 (disability is conclusively presumed when it is determined that a claimant's impairments meet or equal the criteria of one of the listed impairments in the Commissioner's regulations). The Commissioner does not dispute that Plaintiff meets the duration requirement in the Social Security Act. Rather, the ALJ simply determined that Plaintiff's mental impairments did not match or equal any listing in Appendix 1. But the ALJ may have arrived at a different conclusion if he considered Medical Listing 12.05B, because Plaintiff's full scale IQ score is 42. Further, unless his IQ tests are invalid, Plaintiff is presumed disabled and qualifies for benefits. *See* 20 C.F.R. § 404.1520(d).

In view of all the evidence, the hearing decision must be reversed so the Commissioner can evaluate, in the first instance, whether Plaintiff meets or equals the requirements of Listing 12.05B under the correct legal standard. In light of this determination, the Court need not reach Plaintiff's other issues.

## Conclusion

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: September 2, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE